Mr. Edward C. Redmon Kansas State Fire Marshal 700 S.W. Jackson, Suite 600 Topeka, Kansas 66603
Dear Mr. Redmon:
You request our opinion on the ability of local fire department personnel to initiate action on local fire codes in municipal court. Specifically, you ask whether a local fire code which grants certain members of a fire department police power to enforce the code makes those members law enforcement officers for the purpose of initiating action in municipal court under the Kansas code of procedure for municipal courts.
You have informed us that several municipalities have adopted the uniform fire code (UFC). Section 2.105 of the UFC states, "[t]he chief and members of the fire prevention bureau shall have the powers of a police officer in performing their duties under this code." Section 3.101 of the UFC provides that failure to correct a violation of the UFC is a misdemeanor. K.S.A. 12-4201 et seq. set out the procedural requirements for actions taken in municipal court. K.S.A. 12-4203 reads in pertinent part:
 "A copy of the complaint shall be served, together with a notice to appear or a warrant, by a law enforcement officer upon the accused person, and forthwith, the complaint shall be filed with the municipal court, except that a complaint may be filed initially with the municipal court, and if so filed, a copy of the complaint shall be delivered to the city attorney. The city attorney shall cause a notice to appear to be issued, unless he or she has a good reason to believe that the accused person will not appear in response to a notice to appear, in which case the city attorney may request that a warrant be issued. . . ." (Emphasis added).
K.S.A. 12-4113(j) defines law enforcement officer as "any person who by virtue of office or public employment is vested by law with a duty to maintain public order and to make arrests for violation of the laws of the state of Kansas or ordinances of any municipality thereof." Clearly under this statute, an employee of a fire department does not qualify as a law enforcement officer.
There is no definition of the duties of firefighters in the Kansas statutes. However, K.S.A. 31-157 grants the state fire marshal, his deputies and certain members of local departments who meet certification qualifications limited law enforcement powers in the area of arson investigation. Additionally, K.S.A. 31-145 reads as follows:
 "Actual members of any organized fire department, whether regular or volunteer, of any municipality shall be vested with police power to form fire lines, to prohibit persons from interfering with firemen in the discharge of their duties, interfering with apparatus, running over fire hose and trespassing on private property, and shall have power to blockade any public highway temporarily while fighting a fire; and for the purpose of effectuating this police power shall have the power to make arrests for violation of any lawful orders made hereunder."
These statutes lead us to conclude that as a general rule, firefighters do not possess general law enforcement powers. Under state law therefore, firefighters do not have the authority to initiate actions in municipal court through the issuance of a notice to appear.
The question then becomes whether a municipality may by ordinance grant members of its fire department authority to serve warrants and notices to appear in municipal court for fire code violations. Under article 12, section 5 of the Kansas constitution, which is popularly known as the city home rule amendment, a city may by charter ordinance elect to exempt itself from the provisions of said statute, unless the code of procedure for municipal courts is an "enactment applicable uniformly to all cities." The Kansas Supreme Court has held in City of Junction City v.Griffin, 227 Kan. 332, 337 (1980) that the Kansas code of procedure for municipal courts, K.S.A. 12-4101 through 12-4701, is not applicable uniformly to all cities, and thus a city can validly exempt itself from the provisions of that code. The court explained the nonconformity as follows:
 "The Kansas Code of Procedure for Municipal Courts, K.S.A. 12-4101 through 12-4701, although an enactment of statewide concern is not applicable uniformly to all cities by reason of K.S.A. 12-4105 requiring municipal judges in first class cities to be attorneys while permitting second and third class cities to have lay judges."
It is clear that a city may exempt itself from the requirements of the Kansas code for procedure for municipal courts. Pursuant to subsection (c)(2) of article 12, section 5 of the Kansas constitution, by charter ordinance a city may provide substitute or additional provisions to a legislative enactment. A municipality therefore may by charter ordinance add language to that found in K.S.A. 12-4203 which allows those persons designated in the uniform fire code to initiate action in municipal court for fire code violations.
In conclusion, we believe that in accordance with the Griffin case and article 12, section 5 of the Kansas constitution, a city may by valid charter ordinance allow a fire chief and members of the fire prevention bureau authority to initiate action in municipal court for fire code violations.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 James W. Coder Assistant Attorney General
RTS:JLM:JWC:bas